IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| TNK MARINE TRANSPORT, LLC, | )<br>)<br>) 2:18-CV-01211-MJH<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BIG 3 DIESEL REPAIR, LLC, )<br>)<br>Defendant, ) |

## OPINION AND ORDER

Plaintiff, TNK Marine Transport, LLC ("TNK"), a Pennsylvania company brings the within action against Defendant, Big 3 Diesel Repair, LLC ("Big 3"), a Florida company, arising from Big 3's alleged intentional deception and failed attempts to repair TNK's 2006 F550 6.0 Diesel Truck (the "truck"). (ECF No. 1). TNK's Complaint alleges claims for Breach of Contract, Breach of Warranty, Violation of Florida's Deceptive and Unfair Trade Practices Act, Fraud, and Unjust Enrichment. *Id.*

Pending before the Court is Defendant, Big 3's, Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Upon review of the Complaint (ECF No. 1), Defendant, Big 3's, Motion to Dismiss, Declaration, and Brief (ECF Nos. 11 and 12), Plaintiff, TNK's, Response in Opposition, and for the reasons stated below, Defendant's Motion to Dismiss for lack of personal jurisdiction is granted.

**I.     BACKGROUND**

The pertinent facts from the pleadings and supporting declaration are as follows. Plaintiff, TNK, is a Pittsburgh-based marine transport company that specializes in the transportation of oversized boats. (Compl. ¶ 8). The sole member of TNK is Todd Brown, a

citizen of Pennsylvania. (Compl. ¶ 2). Defendant, Big 3, is a limited liability company organized and existing under the laws of the State of Florida with a principal place of business in Tampa, Florida. (Compl. ¶ 3). The Complaint avers that Big 3 has no members that are citizens of Pennsylvania, it does not exist under the laws of Pennsylvania, and it does not maintain a principal place of business in Pennsylvania. (Compl. ¶ 4). TNK alleges personal jurisdiction over Big 3 pursuant to 42 Pa.C.S. § 5322 (Pennsylvania Long Arm Statute) because Big 3 caused harm or tortious injury in the Commonwealth of Pennsylvania by an act or omission outside of Pennsylvania. (Compl. ¶ 5).

On January 8, 2018, Mr. Brown was hauling an oversized boat to Florida. (Compl. ¶ 9). During his trip, Mr. Brown noticed that the engine of his truck was overheating. (Compl. ¶ 10). Mr. Brown thereafter brought the truck to Big 3 in Tampa, Florida for repairs. (Compl. ¶ 10). At the time, Mr. Brown informed Big 3 of the nature of TNK's business and requested the repairs be made as soon as possible. (Compl. ¶ 13). Big 3 subsequently made various repairs on the Truck between January 8, 2018 and February 28, 2018. (Compl. ¶¶ 14-24). Dissatisfied with the quality and outcome of the repairs, TNK brings the within action for Breach of Contract (Count I); Breach of Warranty (Count II); Violation of Florida's Deceptive and Unfair Trade Practices Act (Count III); Fraud (Count IV), and Unjust Enrichment (Count V).

Big 3 has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction (ECF No. 11). In support of said motion, Big 3 filed a Declaration of Joseph A. Lange, II. (ECF No. 12). In that Declaration, Mr. Lange states that he is the sole owner and principal of Big 3. *Id.* at ¶ 2. He also states that Big 3 operates in Tampa, Florida. *Id.* at ¶ 3. Furthermore, Mr. Lange states:

> 4. I have never visited Pennsylvania

    5. Big 3 has never visited Pennsylvania

    6. Big 3 has never done business in Pennsylvania

    7. Big 3 does not advertise for business in Pennsylvania

    8. Big 3 does not seek and has never purposely sought business from any customers from Pennsylvania

    9. Big 3 does not and has never availed itself to the laws of Pennsylvania

    10. The Plaintiff approached Big 3 in Tampa, Florida to repair its diesel engine

    11. Big 3 never solicited business from Plaintiff.

*Id.* at ¶¶ 4-11.

In its response in opposition (ECF No. 14), TNK submitted the Declaration of Todd Brown. (ECF No. 14-1). Mr. Brown states that he "made known to Joseph A. Lange, II…and other…employees and/or agents of Big 3 that TNK Marine is a Pennsylvania business and that the [the Truck] was used in further (sic) of TNK Marine's business." (ECF No. 14-1 at ¶ 4). TNK also argues that Big 3 was on notice of TNK's residency status by virtue of the billing address and its counsel sending a collection notice to TNK's Pennsylvania Address. (ECF No. 14-1 at ¶¶ 5-7). In the alternative, TNK requests that Defendant's Motion to Dismiss be denied without prejudice and grant it leave to conduct jurisdictional discovery. (ECF No. 14-4).

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to challenge a Court's exercise of personal jurisdiction. "Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction." *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102* (3d Cir. 2009) (citing *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)). To meet its burden, Plaintiff must establish "[a] nexus between the defendant, the forum and the litigation." *Deutz AG*, 270 F.3d at

150. Plaintiff must demonstrate by a preponderance of the evidence that personal jurisdiction exists. *Heinrich v. Serv. Corp. Int'l*, 2009 WL 2177229 at *1 (W.D. pa. July 22, 2009). "[I]n reviewing a motion to dismiss under Rule 12(b)(2) [the court] 'must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.'" *Pinker v. Roche Holdings*, 292 F.3d 361, 368 (3d Cir. 2002) (quoting *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n. 1 (3d Cir. 1992)). Plaintiff need only to establish a prima facie case for personal jurisdiction over the defendant to overcome a 12(b)(2) motion. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). A resolution of factual issues may be required to establish personal jurisdiction under a 12(b)(2) motion and thus a party may introduce extrinsic evidence beyond the pleadings to do so. *See Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984). "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990) (quoting *Time Share Vacation Club*, 735 F.2d at 67 n. 9).

### III. DISCUSSION

#### a. Pennsylvania Long-Arm Statute

Plaintiff, TNK, argues that BIG 3 is subject to personal jurisdiction under 42 Pa.C.S.A. § 5322(a)(4) of the Pennsylvania long-arm statute. This subsection provides that: "[a] tribunal of this Commonwealth may exercise personal jurisdiction over a person ... who acts directly or by an agent, as to a cause of action or other matter arising from such person: (4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth." 42 Pa.C.S.A. § 5322(a)(4). While the Complaint alleges acts or omissions that occurred outside of Pennsylvania and said acts or omissions allegedly caused harm in Pennsylvania, the inquiry

4

continues. The United States Court of Appeals for the Third Circuit explained in *Pennzoil Products Co. v. Colelli & Associates, Inc.*, 149 F.3d 197 (3d Cir.1998): "[a]lthough we conclude that Pennsylvania's long-arm statute extends jurisdiction to [the defendant], we must still determine whether the strictures of constitutional due process (i.e. minimum contacts and notions of 'fair play and substantial justice') would be observed by asserting jurisdiction. We cannot presume that jurisdiction is proper simply because the requirements of a long-arm statute have been met." *Id.* at 200. **See also** *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir.1998) (explaining "[f]irst, the court must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction; then, the court must apply the precepts of the Due Process Clause of the Constitution.").

Having settled that the Plaintiff's Complaint falls within the long-arm statute, the due process inquiry turns on a defendant's contacts with the forum state. Personal jurisdiction may be either general or specific, and both the quality and quantity of the necessary contacts differs according to which sort of jurisdiction applies. Thus, the Court next turns to whether, under the facts of this action, this Court has either general or specific personal jurisdiction over Defendant.

### b. General Jurisdiction

General jurisdiction is based upon the defendant's "continuous and systematic" contacts with the forum and exists regardless of whether a plaintiff's cause of action arises from the defendant's non-forum related activities. S*ee Vetrotex CertainTeed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 151 n.3 (3d Cir. 1996). If the claim pursued arises from non-forum related activities, the plaintiff must demonstrate that in other respects the defendant has maintained "continuous and substantial" forum affiliations. *International Shoe v. Washington*, 326 U.S. at 316; *Dollar Sav. Bank v. First Sec. Bank of Utah*, 746 F.2d 208, 212 (3d Cir. 1984);

*Compagnie des Bauxites de Guinea v. Ins. Co. of North America*, 651 F.2d 877 (3rd Cir. 1981). The facts required to assert general jurisdiction must be "extensive and persuasive." *Compagnie des Bauxites de Guinea v. Ins. Co. of North America*, 651 F.2d at 890 (Gibbons, J., dissenting). General jurisdiction exists when the defendant's contacts with a forum are "so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. __, 134 S. Ct. 746, 761 (2014). With respect to a corporation, the place of incorporation and principal place of business are the paradigm bases for general jurisdiction, where a corporation is "at home." *Daimler AG*, 134 S. Ct. at 760-61. It is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Chavez v. Dole Food Co.*, 836 F.3d 205, 213 (3d. Cir. *en banc*, 2016) (quoting *Monkton Ins. Servs. Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)).

Upon review of Plaintiff, TNK's, arguments in opposition to Defendant, Big 3's, Motion to Dismiss, it does not appear that TNK is claiming that Big 3 is subject to the general jurisdiction of Pennsylvania Courts based upon "continuous and systematic" contacts with the Commonwealth. Rather, Defendant, Big 3, has asserted that it has never visited Pennsylvania, done business in Pennsylvania, advertised for business in Pennsylvania, sought business from Pennsylvania customer, or availed itself of the laws of Pennsylvania. (ECF No. 12). Further, as averred by the Plaintiff and declared by the Defendant, Big 3 neither has a place of incorporation nor a principal place of business in Pennsylvania. (Compl. ¶ 4 and ECF No. 12). Thus, the Court does not find that personal jurisdiction can be exercised through general jurisdiction.

In the alternative, Plaintiff, TNK, suggests that "[j]urisdictional discovery may likely yield more specific examples of Big 3's contacts with Pennsylvania, and may result in

declarations from other residents of Pennsylvania that conducted business with Big 3." (ECF No. 14 at p. 9). The Court may order the parties to conduct discovery on contested jurisdictional issues and to hold an evidentiary hearing to permit the parties to present evidence on these issues. *See, e.g., Hufnagel v. Ciamacco*, 281 F.R.D. 238 (W.D. Pa. Mar. 20, 2012); *Rychel v. Yates*, No. 09-CV-1514, 2011 U.S. Dist. LEXIS 38824, 2011 WL 1363751 (W.D. Pa. Apr. 11, 2011). However, because Plaintiff has failed to make a threshold prima facie showing of personal jurisdiction over Defendants, it is not entitled to any jurisdictional discovery or to a jurisdictional hearing. *See, e.g., Fatouros v. Lambrakis*, 627 Fed.Appx. 84, 88 (3d Cir. 2015) (affirming the district court's holding that it lacked personal jurisdiction, where it did not hold an evidentiary hearing, because the plaintiff "did not present a prima facie case that the defendants purposefully availed themselves of conducting activity in New Jersey"); *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (holding that "[i]f the plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained") (internal quotations and alterations omitted); *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (concluding that "mere unsupported allegation[s] that the defendant 'transacts business' in an area" were "clearly frivolous" and did not warrant discovery); *Narco Avionics v. Sportsman's Market, Inc.*, 1992 WL 37106 (E.D.Pa.1992) (holding that where the "assertion of personal jurisdiction is tenuous and based on mere allegations and speculation in the face of specific sworn denials by defendants ... discovery is not appropriate").

Here, Plaintiff only has suggested speculative allegations that discovery *may* likely yield more specific examples of Big 3's contacts with Pennsylvania. This assertion falls short of

7

setting forth a prima facie case that Big 3 purposefully availed itself in conducting activity in Pennsylvania. Accordingly, the Court denies Plaintiff's request for leave to conduct jurisdictional discovery without a sufficient factual basis in support.

### c. Specific Jurisdiction

Turning to specific jurisdiction, it "is invoked when the cause of action arises from the defendant's forum related activities," and, in such a case, the focus is on the minimum contacts between the non-resident defendant and the forum. *Dollar Sav. Bank*, 746 F.2d at 211-212. The inquiry as to whether specific jurisdiction exists has three parts. First, the defendant must have "purposefully directed [its] activities" at the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quotation marks omitted). Second, the litigation must "arise out of or relate to" at least one of those activities. *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 418 n.13 (U.S. 1984); *Grimes v. Vitalink Communications Corp.*, 17 F.3d 1553, 1559 (3d Cir. 1994). Third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe*, 326 U.S. at 320 n2).

Plaintiff, TNK, argues primarily that Big 3 had contact with Pennsylvania by virtue of the fact that it knew that TNK's Truck was part of its business in Pennsylvania. Under an analogous case, the Plaintiff's argument fails. In *Jacobs v. Lakewood Aircraft Service, Inc.*, 493 F. Supp. 46 (E.D. Pa. 1980), the defendant repaired an airplane in its Lakewood, New Jersey location. *Id.* at 48. The defendant knew that the airplane would be returned to Pennsylvania after the repairs had been made. *Id.* The airplane later crashed near the North Philadelphia Airport. *Id.* In granting the defendant's motion to dismiss for lack of personal jurisdiction, the *Jacobs* court held that the "contacts of Lakewood with a Pennsylvania forum fall below that minimum

8

which is required for constitutional fairness." *Id.* The court further explained that "[d]efendant is not a large corporation which intentionally places its product in interstate commerce with the purpose, or at least the expectation that it will be purchased in whatever state it may find itself." *Id.* Here, like in Lakewood, the fact that the Plaintiff's truck was part of a Pennsylvania business was "completely fortuitous" and the Defendant's connection the truck was entirely in Florida. *Id.* Therefore, Plaintiff, TNK, cannot meet its burden that Defendant, Big 3, "purposefully directed [its] activities" at Pennsylvania. *Burger King Corp., supra.* Thus, Plaintiff cannot exercise specific jurisdiction over the Defendant.

**IV.　CONCLUSION**

Upon review of the Complaint (ECF No. 1), Defendant, Big 3's, Motion to Dismiss, Declaration, and Brief (ECF Nos. 11 and 12), Plaintiff, TNK's, Response in Opposition, and for the reasons stated above, Defendant's Motion to Dismiss for lack of personal jurisdiction is granted. Plaintiff's request for leave to conduct jurisdictional discovery is denied. Plaintiff, TNK's, Complaint is dismissed, without prejudice to re-file in a forum that can maintain jurisdiction over Defendant, Big 3.

# **ORDER**

And Now, this 17th day of December, 2018, upon review of the Complaint (ECF No. 1), Defendant, Big 3's, Motion to Dismiss, Declaration, and Brief (ECF Nos. 11 and 12), Plaintiff, TNK's, Response in Opposition, and for the reasons stated in the Court's Opinion, Defendant's Motion to Dismiss for lack of personal jurisdiction is granted. Plaintiff's request for leave to conduct jurisdictional discovery is denied. Plaintiff, TNK's, Complaint is dismissed, without prejudice to re-file in a forum that can maintain jurisdiction over Defendant, Big 3.

DATED this 17th day of December, 2018.

BY THE COURT:

_____
Marilyn J. Horan
United States District Judge